IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RONALD SCIORTINO
BANKRUPTCY ESTATE,

     Plaintiff,

v.

SELENE FINANCE, L.P.,

     Defendant.

CIVIL ACTION NO.
1:18-cv-0981-AT-RDC

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 75) filed by Defendant Selene Finance, L.P. ("Defendant" or "Defendant Selene"). Plaintiff Ronald Sciortino Bankruptcy Estate ("Plaintiff") failed to respond to the motion or dispute the facts as presented by Defendant. In accordance with 28 U.S.C. § 636(b)(1)(A), the undersigned **RECOMMENDS** that the District Court find that there is no genuine issue of material fact, conclude that Defendant is entitled to judgment as a matter of law, and **GRANT** summary judgment in Defendant's favor.

A. Procedural History

On March 6, 2018, Plaintiff initiated this action by filing an application to proceed *in forma pauperis* ("IFP") and a *pro se* Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e), and the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e)(2); contempt of the Bankruptcy Court's Order of Discharge, Case No. 14-71765-BEM (Feb. 17, 2017), in violation of the Bankruptcy Code, 11 U.S.C. § 524(a)(2), and bankruptcy stay under 11 U.S.C. § 362. As ordered by the Court, *see* (Doc. 2), Plaintiff filed an Amended Complaint (Doc. 3) that dropped as Defendants Shapiro Pentergast & Hasty LLP and Mary Ida Townson Standing Chapter Trustee.[1]

On April 4, 2020, the Court entered an Order granting Plaintiff's request to proceed IFP and directing service (Doc. 5). The Court also entered a Notice to Pro Se Plaintiff (Doc. 7) advising Plaintiff:

> [U]nder Local Rule 7, "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion filed by the opposing party passes without a response being filed, the motion is deemed unopposed. See L.R. 7.1B, N.D. Ga. Furthermore, under Local Rule 56.1, which applies to motions for summary judgment and responses to motions for summary judgment, the failure by the party opposing summary judgment to object to or to deny the moving party's statement of material facts will be taken as an admission of those facts and will be used by the undersigned in ruling on the motion for summary judgment.

---

[1] On April 2, 2018, Plaintiff filed a motion for leave to file corrections to his Complaint. *See* (Doc. 4). This motion was denied as moot. *See* (Doc. 5).

2

*Id.* at 3.

With leave of court, *see* (Docs. 11, 12), Plaintiff filed a Second Amended Complaint. (Doc. 13). However, the Court denied Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 25) and motion to supplement his Second Amended Complaint (Doc. 36). *See* (Docs. 29; 46 at 80). Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. 34) under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff filed a response (Doc. 40), to which Defendants filed a reply (Doc. 24).[1]

The Magistrate Judge entered a Non-Final Report and Recommendation recommending that the Court dismiss all claims, except for "Counts I–III and VII against Defendant Selene alleging violation of § 1692(e)(a)(2) of the FDCPA based upon the amount of outstanding debt represented within the March 6, 2017, Validation letter [Pl. Exhibit B] and/or the April 17, 2017, Revised Validation letter [Pl. Exhibit A]." (Doc. 46). After careful review of Plaintiff's objections, the presiding District Judge overruled the objections and adopted the Report and Recommendation as the opinion of

---

[1] Plaintiff's sur-reply (Doc. 44), which was stricken by the Court. *See* (Doc. 25).

the Court. (Doc. 51).[1] As directed by the Court in this Order, Defendant Selene filed an Answer. *See* (Doc. 52, 54).

Upon the filing of the parties' Joint Preliminary Report and Discovery Plan (Doc. 56), the Magistrate Judge entered a Scheduling Order setting the summary judgment motion deadline and specifically directed the following:

> Whenever a motion for summary judgment is filed, the non-moving party shall file a response to the moving party's "Statement of Undisputed Material Facts." In the response, the non-moving party shall respond to each numbered fact by number, admitting or denying the fact, and providing citations to the record to support any denial. The Court will deem as admitted those facts in the moving party's statement that the non-moving party does not controvert with citations to the record in its response to that statement.

(Doc. 59) (citing LR 56.1(B)(2), NDGa.)).

On October 10, 2019, Defendant Selene filed the instant Motion for Summary Judgment, accompanied by a copy of the Validation of Debt Notice; Revised Validation of Debt Notice; Orders of the Bankruptcy Court dismissing Ronald Edward Sciortino's Chapter 13 Bankruptcy Case Nos. 17-67245-BEM and A18-62188-BEM; and the Affidavit of Michael N. Zerulik, Litigation Specialist for Defendant Selene, as well as a revised brief in support of summary judgment and statement of facts. *See* (Docs. 75, 78).

---

[1] Among other things, this Order dismissed Plaintiff's claims against Defendant MTGLQ Investors L.P. (Doc. 51 at 2).

On the same day, the Clerk of Court filed a Notice to Respond to Summary Judgment Motion, notifying Plaintiff that it had twenty-one days from the date of the motion to submit all materials in opposition to the motion for summary judgment. *See* (Doc. 76) (citing Fed. R. Civ. P. 56(c)(1)(B); *Moore v. Florida*, 703 F.2d 516, 519 (11th Cir. 1983)). The Clerk further advised that

> [w]henever the nonmoving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the non-moving party must go beyond the pleadings and must designate, by sworn affidavit or other materials, "specific facts showing that there is a genuine issue for trial."

(Doc. 76) (quoting Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

On October 16, 2019, the Court ordered stricken Defendant's brief in support of the motion because of its failure to follow every factual statement with a citation to the record. *See* (Doc. 77). The Court granted Defendant leave to refile within fourteen days and granted Plaintiff "**twenty-one (21) days** from the filing of the revised brief by Defendant to file his response to the motion for summary judgment." *Id.* at 2.

Defendant filed a revised brief in support of its motion for summary judgment on the same day, October 16, 2019.  *See* (Doc. 78). Therefore, Plaintiff's response was due on November 6, 2019. Despite the Court's Orders and directives, Plaintiff failed to file any response in opposition to Defendant's motion for summary

judgment and supporting materials.[1] During the pendency of this motion, Plaintiff has had over eight months in which to request an extension of time to respond to the motion and dispute Defendant's factual assertions. He did not file such a request, either.

B. Request to Substitute Plaintiff

Initially, Defendant requests that the Court require Ronald E. Sciortino ("Mr. Sciortino") to substitute himself for the "Ronald Sciortino Bankruptcy Estate," a non-entity. Such a fictional entity lacks the capacity to sue or be sued under Federal Rule of Civil Procedure 17(b). Fed. R. Civ. P. 17(b). According to Defendant, the real party in interest is Ronald E. Sciortino as an individual, and Defendant requests that the Court set a deadline for substitution prior to dismissal. *See* Fed. R. Civ. P. 17(a)(3). Plaintiff has filed no response in opposition to this assertion and request for substitution.

Under these circumstances, it is **RECOMMENDED** that the Court **GRANT** Defendant's request for substitution after Plaintiff has been given **fourteen (14) days** to object to this Report and Recommendation in accordance with Rule 17(a)(3)

---

[1] Defendant's Motion for Summary Judgment (Doc. 75) was submitted to the undersigned on February 3, 2020. The only subsequent filings to the date of this Report and Recommendation were Orders regarding court operations during the COVID-19 outbreak and pandemic. *See* (Docs. 79–87).

and 28 U.S.C. § 636(b)(1), and direct the Clerk to substitute Ronald E. Sciortino in place of the Ronald Sciortino Bankruptcy Estate.

C. Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that "the court *shall* grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). The Court must state its reasons for granting or denying the motion. *Id.*

1. Genuine Issue of Material Fact

If the nonmoving party fails to properly address the movant's assertion of fact as required by Rule 56(c), the Court may

(1)   give an opportunity to properly support or address the fact;
(2)   consider the fact undisputed for purposes of the motion;
(3)   grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
(4)   issue any other appropriate order.

Fed. R. Civ. P. 56(e). Under Rule 56(e), "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56(e) advisory committee's notes to 2010 amendment. Where the nonmoving party has failed to respond to a motion for summary judgment, "district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real*

*Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). While the district court need not review all the evidentiary materials on file, the district court must review the evidentiary materials submitted in support of summary judgment and determine whether they establish the absence of a genuine issue of material fact. *Id.* (citing *Jaroma v. Massey,* 873 F.2d 17, 20 (1st Cir. 1989) (per curiam)).

Consistent with the Federal Rules of Civil Procedure, the Local Rules of this Court provides, "This Court will deem each of the movant's facts as admitted" unless the nonmoving party files a response to the motion for summary judgment and refutes the movant's statement of facts. LR 56.1(B)(2)(a)(2)(i); NDGa. Additionally, "[t]he Court will deem the movant's citations supportive of its facts unless the respondent specifically informs the Court to the contrary in the response." LR 56.1(B)(2)(a)(3). The rule also requires the nonmoving party to file a statement of facts that it contends are material and present genuine issues for trial. *See* LR 56.1(B)(2)(b).

The undersigned has carefully reviewed Defendant's Statement of Material Facts and citations supportive of its factual assertions. *See* (Doc. 75-3). Plaintiff was accorded ample notice, opportunity, and time to respond to and dispute Defendant's Statement of Material Facts and Brief in Support of Its Motion for Summary Judgment. (Docs. 75-3, 78). In accordance with Local Rule 56, in the absence of a

response by Plaintiff, the Court should deem Defendant's facts as admitted and the citations supportive of these facts. *See* LR 56(B)(2)(a)(2)–(3); NDGa. Accordingly, Defendant has demonstrated that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a).

The only claims that survived the Court's dismissal Order (Doc. 51) were Counts I–III and VII against Defendant Selene alleging violation of § 1692(e)(a)(2) of the FDCPA based upon the amount of outstanding debt represented within the March 6, 2017, Validation letter and/or the April 17, 2017, Revised Validation letter. (Doc. 46). The debt at issue is a loan of $371,600.00 secured by a Security Deed conveying the property located at 6038 Eagles Rest Trail, Sugar Hill, Georgia ("property"), to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Pensacola Guarantee Mortgage. *See* (Doc. 75-3, Ex. 1). The Security Deed was last assigned to MTGLQ Investors, L.P. ("MTGLQ") (Doc. 75-3, Ex. 5). Defendant Selene was the servicer for the Loan on behalf of MTGLQ beginning February 21, 2017. *See* (Doc. 75-3, 4).

Based on information provided by the previous servicer, Defendant sent Mr. Ronald Sciortino ("Mr. Sciortino") a Debt Validation Letter on March 6, 2017, reflecting a total balance due of $614,838.53, with the current payment amount of $2,848.65 due on July 1, 2011. (Doc. 75-4, 51).

On April 17, 2017, Defendant sent Mr. Sciortino a Revised Validation of Debt Notice ("Revised Letter") reflecting a total balance due of $570,948.72, with the current payment amount of $2,746.41. (Doc. 75-4, 68). The Revised Letter contains the accurate amount of the debt as of that date. (Doc. 75-3, 7).

Plaintiff made no payments or attempt to cure any default as a result of information provided in either the original Validation of Debt or the Revised Validation of Debt. *See id.* at 8. Plaintiff provided no evidence to support the $1,151,597.58 he claims in damages for "Actual Cost Funds." *See id.*

Because Plaintiff has failed to refute Defendant's Statement of Facts, these facts are deemed admitted and undisputed for purposes of the motion for summary judgment. Fed. R. Civ. P. 56(3)(2); LR 56(B)(2)(a)(2)–(3). Therefore, the undersigned recommends a finding that there is no genuine issue of material fact that would preclude summary judgment.

## 2.  Judgment as a Matter of Law

Federal Rule 56 also requires the moving party to demonstrate that it is entitled to judgment as a matter of law. *Id.* Plaintiff's claims against Defendant in Counts I–III assert that Defendant violated the FDCPA by presenting false information in its Validation Letter. (Doc. 13, 9–11).

Under the FDCPA, a debt collector such as Defendant "may not use any false, deceptive, or misleading representation or means in connection with the collection

10

of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: "The false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Although the FDCPA is generally a strict liability statue, the statute provides for a "bona fide error" defense. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1271 (11th Cir. 2011). To avoid liability for a false representation of the amount of the debt, Defendant must show by a preponderance of the evidence that the violation was (1) not intentional, (2) a bona fide error, and (3) occurred despite the maintenance of procedures reasonably adopted to avoid such errors, *id.*, such as clerical or factual mistakes. *Prescott v. Seterus, Inc.*, 635 Fed. Appx. 640, 646 (11th Cir. 2015) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 387 (2010).

Here, as evidenced by Defendant's admissions and Revised Debt Validation Letter, the first validation letter contained an error as to the amount of the debt. *See* (Doc. 78 at 11). However, Defendant has demonstrated that its error was not intentional, given its prompt delivery of its accurate, revised validation letter. Defendant has also shown that the error was a bona fide error, or a genuine mistake made in good faith. In this case, the incorrect amount of the loan was due to information provided by the prior loan servicer and a clerical mistake despite the maintenance of procedures reasonably adopted to avoid such errors. *See id.* at 14. Defendant's independent review revealed the error, and it corrected the error

11

promptly through its Revised Validation Letter. *See* (Doc. 75-2, 6). Plaintiff has failed to respond to Defendant's Motion and demonstrate that the amount of the loan stated on the Revised Validation Letter is incorrect also. Therefore, to the extent that Plaintiff contends that the balance should be zero, he has failed to provide evidence of satisfaction of the loan.

Finally, Defendant argues that Plaintiff is unable to establish damages. Under the FDCPA, the amount of damages are (1) actual damages, (2) up to $1,000.00 for additional damages, and (3) costs and reasonable attorney's fees in bringing an action. 15 U.S.C. § 1692k(a). Because Plaintiff cannot succeed on his FDCPA claims, he is entitled to no damages.

D. Conclusion

For the foregoing reasons, it is **RECOMMENDED** that, after consideration of any objections to this Report and Recommendation or, if no objections are filed after fourteen days under 28 U.S.C. § 636(b)(1), the Court (1) substitute Ronald E. Sciortino for the Ronald Sciortino Bankruptcy Estate; (2) **GRANT** Defendant's Motion for Summary Judgment (Doc. 75); (3) enter Judgment in favor of Defendant pursuant to Rule 58, Federal Rules of Civil Procedure; and (4) direct the Clerk to close the case.

IT IS SO **RECOMMENDED** on this 22nd day of July 2020.

REGINA D. CANNON
United States Magistrate Judge